1  Kathryn P. Fletcher, WSBA #22108
   Adam T. Pankratz, WSBA #50951
2  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
3  1201 Third Avenue, Suite 5150
   Seattle, WA 98101
4  Telephone:  206-693-7057
   Facsimile:   206-693-7058
5  Email:  kathy.fletcher@ogletree.com
           adam.pankratz@ogletree.com
6
   *Attorneys for Defendant Walgreen Co.*
7

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| 9  CHRIS GRAYBILL and NASH FAHMY, | Case No. |
| 10          Plaintiffs, | **NOTICE OF REMOVAL** |
| 11      vs. | [Clerk's Action Required] |
| 12  WALGREEN CO., | |
| 13          Defendant. | |
| 14 | |

15  **TO:**        **CLERK OF THE COURT**

16  **AND TO:   PLAINTIFFS CHRIS GRAYBILL and NASH FAHMY and**

17                   **THEIR ATTORNEYS OF RECORD**

18      PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441(b), and

19  1446(c), Defendant Walgreen Co. ("Walgreens" or "Defendant"), by and through its

20  undersigned counsel, hereby removes the instant action from the Spokane County

NOTICE OF REMOVAL - 1
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Superior Court for the State of Washington, Case No. 23-2-04234-32, to the United States District Court for the Eastern District of Washington, Spokane Division, on the distinct grounds of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(b), 1446(c). This Court possesses original jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 (exclusive of interest and costs) and because complete diversity exists between Plaintiff Chris Graybill and Nash Fahmy and Defendant Walgreens. This Notice of Removal is supported by the Declaration of Kathryn P. Fletcher, attorney for Defendant ("Fletcher Decl."), the Declaration of Joseph B. Amsbary, Corporate Secretary for Defendant ("Amsbary Decl."), the Declaration of Christina Paulausky, Director, Human Resources Operations Service Management for Defendant ("Paulausky Dec."), all filed concurrently herewith, and Walgreens' statements of facts and arguments below.

## I. BACKGROUND

1. On or about October 9, 2023, Plaintiffs Chris Graybill and Nash Fahmy caused to be filed a new Complaint & Demand for Jury Trial ("Complaint") in this action in the Spokane County Superior Court for the State of Washington, captioned *GRAYBILL, CHRIS et al vs WALGREEN CO.*, Case No. 23-2-04234-32. Plaintiffs assert a single cause of action against their former employer Walgreens for wrongful discharge in violation of public policy. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as Exhibit 1 to this Notice of

NOTICE OF REMOVAL - 2
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Removal and as Exhibit 1 to the Declaration of Kathryn P. Fletcher ("Fletcher Decl.") at ¶ 2, Ex. 1.

2.     On October 9, 2023, Plaintiffs filed their Summons to Defendant with the Spokane County Superior Court. Fletcher Decl. at ¶ 3, Ex. 2.

3.     On October 9, 2023, Plaintiffs filed a true and correct copy of the Civil Case Information Cover Sheet for their Complaint. *Id.* at ¶ 4, Ex. 3.

4.     On October 9, 2023, the Spokane County Superior Court Clerk entered a Notice of Case Assignment and Order, setting a Case Status Conference for January 12, 2024, at 8:30 AM. *Id.* at ¶ 5, Ex. 4.

5.     On October 17, 2023, Plaintiffs filed their Declaration of Service of Summons, Complaint, and Case Assignment Notice and Order, showing service upon Defendant on October 16, 2023. *Id.* at ¶ 6, Ex. 5.

6.     On October 19, 2023, Plaintiffs again filed their Declaration of Service of Summons, Complaint, and Case Assignment Notice and Order, showing service upon Defendant on October 16, 2023. *Id.* at ¶ 7, Ex. 6.

7.     On November 4, 2023, Adam T. Pankratz and Kathryn P. Fletcher filed a Notice of Appearance on behalf of Defendant in the Spokane County Superior Court. *Id.* at ¶ 8, Ex. 7.

8.     The foregoing Exhibits 1–7 constitute all of the process, pleadings, and orders either served upon Defendant or filed in this action. *Id.* at ¶ 9.

NOTICE OF REMOVAL - 3
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

9. The deadline for Defendant to remove this action has not expired since Defendant received the Summons and Complaint. Defendant has not voluntarily invoked or submitted to the jurisdiction of the Spokane County Superior Court of the State of Washington in any manner. *Id.* at ¶ 10.

10. No further proceedings have been had in the state court as of the date of this Notice. *Id.* at ¶ 11.

## II. DIVERSITY JURISDICTION

11. District courts have jurisdiction for civil actions where: (A) the controversy is between citizens of different states; and (B) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). It is the removing party's burden to establish that removal is proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1106-07 (9th Cir. 2010) (internal citations omitted). Each element of diversity jurisdiction is addressed below.

### A. Plaintiffs and Defendant have Complete Diversity of Citizenship.

12. Plaintiffs and Defendant are citizens of different states. 28 U.S.C. § 1332.

13. For diversity of citizenship purposes, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)); *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090

NOTICE OF REMOVAL - 4
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

(9th Cir. 1983). Plaintiff Graybill is a citizen of Washington, having resided in Spokane County, Washington at all relevant times during his employment with Defendant. *See* Complaint, ¶ 1, Ex. 1; Paulausky Decl., ¶ 2. Plaintiff Fahmy is a citizen of Washington, having resided in Spokane County, Washington at all relevant times during his employment with Defendant. *See* Complaint, ¶ 1, Ex. 1; Paulausky Decl., ¶ 4.

14. "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c). The Supreme Court of the United States established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corporation v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 80–81. The Court clarified that the principal place of business can be the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93.

15. Here, Defendant is incorporated in Illinois, and has its principal place of business in Illinois, where its administrative and executive functions occur. Amsbary Decl., ¶¶ 2 and 3.

NOTICE OF REMOVAL - 5
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

16. Thus, for diversity purposes, Defendant must be considered a citizen of the State of Illinois. *Id.*

17. Based upon the foregoing, there is complete diversity of citizenship between Plaintiffs, who are both citizens of Washington, and Defendant, which is a citizen of Illinois. 28 U.S.C. § 1332.

**B.** **The Amount in Controversy Exceeds $75,000.**

18. The amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

19. Where, as here, plaintiffs do not plead the specific amount of damages they seek, the Court must look beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *Lowdermilk v. U.S. Bank, N.A.*, 479 F.3d 994, 998, n.4 (9th Cir. 2007) (superseded on other grounds); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980–81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir. 1998). The amount in controversy includes all future damages the plaintiff would be entitled to upon resolution of the case in his favor. *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018).

NOTICE OF REMOVAL - 6
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

20.     Defendant has the burden of showing that it is "more likely than not" that the jurisdictional threshold is in controversy. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "[That] burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 at 2 (E.D. Cal. May 1, 2007) (*quoting McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

21.     In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Thus, the Court should assume that Plaintiff will prevail on his statutory claims that include attorneys' fees, costs, and expenses.

22.     The Court considers all recoverable damages, including statutory penalties, punitive damages, and attorneys' fees. *See Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Sec. Pac. Fin'l Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). These damages include the amount that can reasonably be anticipated at the time of removal, not merely those already incurred. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 787 (9th Cir. 2018) ("We conclude that if a plaintiff would be entitled under a contract or statute to future

NOTICE OF REMOVAL - 7
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy."); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("Such fees necessarily accrue until the action is resolved.").

23. Under 28 U.S.C. § 1446(c), Defendant has a reasonable good-faith belief that Plaintiffs seek damages in excess of the jurisdictional requirement of $75,000. Plaintiffs have not specified an amount in damages in their Complaint, but have alleged that Defendant has caused Plaintiffs damages "to be proven at trial." Complaint, ¶ 22, Ex. 1. Plaintiffs seek "[a]ll damages allowed under the law including front pay, back pay, pre-judgment interest, adverse tax consequences, and general damages." Complaint, Section IV, Ex. 1. Plaintiffs further seek "[a]ttorneys' fees, costs, and litigation expenses." *Id*. Defendant contends that the amount in controversy in this matter is more likely than not in excess of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

24. **Actual Damages.** Plaintiffs first seek "front pay and back pay." Complaint, Section IV, Ex. 1. The Ninth Circuit explained that "amount in controversy" means "the amount at stake in the underlying litigation." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). "The amount at stake" is all relief the plaintiff would be entitled to receive through the date of trial. *Id.* at 418. Accordingly, if a plaintiff is entitled to wage losses through trial, then the Court

NOTICE OF REMOVAL - 8
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

calculates those wage losses through trial without regard to the plaintiff's likelihood of recovery. *Id.* at 417. The *Chavez* court reasoned:

> If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she pre-vails, then there is no question that future wages are "at stake" in the litigation, whatever the likelihood that she will actually recover them. In such a situation, although the plaintiff's employer would have paid the wages in the future had she remained employed, they are presently in controversy.

*Id.*

25. Mitigation is an affirmative defense, and therefore, it is disregarded for purposes of determining the amount in controversy. *See Geographic Expeditions,* 599 F.3d at 1108. "[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would *essentially have to decide the merits* of the case before it could determine if it had subject matter jurisdiction." *Id.* (emphasis added). The likelihood of recovery is not part of the amount-in-controversy analysis. *Chavez,* 888 F.3d at 417-18; See *also Molina v. Target Corp.*, 2018 WL 3935347, at *3 (C.D. Cal. 2018) (citing cases and disregarding mitigation); *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *3 (C.D. Cal. 2014) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938) and disregarding mitigation); *Lara v. Trimac Transp. Services (Western) Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. 2010) (citing *St. Paul Mercury Indem. Co.* and concluding "affirmative defenses, counterclaims, and potential offsets may not

NOTICE OF REMOVAL - 9
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum").

26. Plaintiffs broadly pleaded their claims to maximize potential recovery. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007) ("plaintiff is master of her complaint and can plead to avoid federal jurisdiction"). Here, Plaintiffs have not alleged any facts or legal theories which would limit their recovery, and Defendant calculates the amount at stake accordingly. In their Complaint, Plaintiffs do not allege that they attempted to mitigate their damages. *See generally* Complaint, Ex. 1.

27. Plaintiffs' employment ended on August 1, 2023. Complaint, ¶ 15, Ex. 1. Defendant received service of Summons and Complaint on October 16, 2023. Pankratz Decl., ¶ 6, Ex 5. A trial date for this matter has not been set but will be set in the future. Similar cases in this district have had trial dates scheduled more than 12 months after service has been made on a defendant. *See e.g. Roberts v. Vitalant Corporation*, 2:20-cv-00229-RMP, ECF 10, at 10 (E.D. Wash. Aug. 3, 2020) (Trial date scheduled 14 months after the Defendant in that case received service of process and 13 months after case had been removed to the United States District Court for the Eastern District of Washington). It is reasonable to conclude that, at minimum, 12 months will have passed between date of Plaintiffs' termination and trial.

NOTICE OF REMOVAL - 10
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

28. At the time his employment ended, Plaintiff Graybill was compensated at a rate of $19.00/hour, and regularly scheduled to work at least 40 hours per week, leading to an annualized salary of $39,520.00. Paulausky Decl., ¶ 3. At the time Plaintiff Fahmy's employment ended, he was also compensated at a rate of $19.00/hour, and regularly scheduled to work at least 40 hours per week, leading to an annualized salary of $39,520. Paulausky Decl., ¶ 5. Given each Plaintiff's rate of pay, and given a conservative estimate of 12 months before trial commences, each Plaintiff alleges at least $39,520 in actual damages, which includes 12 months of wage loss for back pay prior to trial. Therefore, the amount in controversy for back pay alone at the time of trial, for each Plaintiff, will be at least $39,520 ($19 per hour x 40 hours per week x 52 weeks per year) – $79,040 total for both Plaintiffs. This alone meets the jurisdictional threshold.

29. Of course, Plaintiff's also both seek other forms of monetary relief including front pay, which will increase the amount placed in controversy by their claims. Complaint, Section IV, Ex. 1.

30. **General Damages.** A Court may estimate non-economic damages of $25,000 in employment cases for purposes of calculating the amount in controversy. *Kroske,* 432 F.3d at 980 (a district court may estimate that emotional distress damages in employment action "would add at least an additional $25,000" to plaintiff's claim). Washington juries award successful plaintiffs far greater than

NOTICE OF REMOVAL - 11
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

$25,000 for their emotional harm; therefore, it is a fair estimate of jury behavior. *See, e.g., Matson v. United Parcel Servs., Inc.*, No. C10-1528-RAJ, 2019 WL 652363, at *1 (W.D. Wash. 2019) ($500,000); *Campbell v. Catholic Cmty. Servs. of W. Washington*, No. C10-1579-JCC, 2012 WL 13020051, at *1 (W.D. Wash. 2012) ($275,000); *Strange v. Les Schwab Tire Centers of Washington, Inc.*, No. C06-0045-RSM, 2010 WL 11527269, at *1 (W.D. Wash. 2010) ($42,600 per plaintiff); *Chuong Van Pham v. City of Seattle, Seattle City Light,* 159 Wn.2d 527, 531–32, 151 P.3d 976, 978 (2007) ($80,000 for Plaintiff 1, and $40,000 for Plaintiff 2); *Blaney v. Int'l Ass'n of Machinists And Aerospace Workers, Dist. No. 160,* 151 Wn.2d 203, 208, 87 P.3d 757, 759–60 (2004) ($75,000).

31. As such, assuming Plaintiffs will prevail on their claims, which Defendant expressly denies, the evidence shows that a Washington jury is likely to award each Plaintiff at least $25,000 in non-economic damages.

32. **<u>Attorneys' Fees, Expenses, and Costs.</u>** Plaintiffs seek attorneys' fees, expenses, and costs for a claim for wages, pursuant to RCW 49.48.030. Complaint, Section IV, Ex. 1. Statutory attorneys' fees are included in a computation of the amount in controversy. *Galt G/S*, 142 F.3d at 1155–56. The Ninth Circuit has held that future attorneys' fees awards are part of the amount in controversy, not just those fees that are incurred at the time of removal. *Chavez,* 888 F.3d at 417; *Fritsch*, 899

NOTICE OF REMOVAL - 12
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

F.3d at 788. The defendant retains the burden of proving the amount of future attorneys' fees by a preponderance of the evidence. *Fritsch*, 899 F.3d at 788.

33.    Washington courts have adopted the lodestar method for calculating reasonable attorney fees that a plaintiff incurs in prosecuting claims under most statutes. *See, e.g., Collins v. Clark County Fire Dist. No. 5*, 155 Wash. App. 48, 99, 231 P.3d 1211 (2010). In a single-plaintiff employment lawsuit that the Court described as "not an extraordinary case," the Court approved a lodestar fee of $92,906.50. *Lane v. Grant County*, 2013 WL 5306986 at *7 (E.D. Wash., Sept. 20, 2013).

34.    To determine the amount of attorneys' fees, a removing defendant may estimate the amount of time required by the case and may also estimate plaintiff's counsel's hourly billing rate. *In re Volkswagen*, 2019 WL 957578 at *7–8 (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)). "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) (quoting *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002)).

35.    Courts in the Ninth Circuit have estimated the number of hours for employment cases between 100 and 300 hours, and have held that a reasonable attorney rate for employment cases is estimated at $300 per hour. *Adkins*, 293 F.

NOTICE OF REMOVAL - 13
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Supp. 3d at 1148; *Garcia*, 2014 WL 2468344 at *5; *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 at *6 (C.D. Cal. 2015).

36. Therefore, Plaintiffs place at least $30,000 of attorneys' fees "at stake" (100 hours x $300 per hour). Such an estimate is extremely conservative compared to attorney fee awards in other Washington cases involving wrongful discharge claims. *See, e.g.*, *Bengtsson v. Sunnyworld International, Inc.*; Kong; Yin, JVR No. 1812270024 (King County 2017) ($331,038); *Quinn v. Everett Safe & Lock Inc.*; Topp, JVR No. 1503170028 (W.D. Wash. 2014) ($118,137); *Sawyer v. Automotive Equip. & Supply*, 2011 WL 7394632 (King County 2011) ($114,942.48).

37. **Summary.** Therefore, in this case, Plaintiffs each allege at least $94,520 in damages, including claims for actual damages ($39,520), general damages ($25,000), and attorneys' fees, costs, and expenses ($30,000). This damages estimate is likely low because it utilizes low-end estimates for general damages and attorneys' fees, and because it does not include estimates for front pay damages that Plaintiffs have each claimed. Complaint, Section IV, Ex.1. This conservative estimate for each Plaintiff easily exceeds the $75,000 jurisdictional threshold for the amount that must be in controversy. 28 U.S.C. § 1332.[1]

//

---

[1] Walgreens reserves its right to provide additional information should the amount in controversy be challenged.

### III. ALL OTHER REQUIREMENTS ARE SATISFIED

38. This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described Spokane County Superior Court case is pending. *See* 28 U.S.C. §§ 128(a), 1441(a).

39. This Notice of Removal is being timely filed within 30 days of October 16, 2023, when, according to Plaintiffs' Declaration of Service, Defendant received notice of the pleadings upon which this removal is based. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that 30-day removal period begins to run upon service of the summons and complaint); *See* Pankratz Decl. ¶ 6, Ex. 5. Additionally, this action may be removed on the basis of jurisdiction conferred by 28 U.S.C. § 1332 because it is filed within one (1) year of the filing of the original complaint in this action in state court. *See* 28 U.S.C. § 1446(c).

40. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Spokane County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court."

41. As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, Defendant served Plaintiff with this Notice of Removal and with its Notice to State Court of Removal to Federal Court.

NOTICE OF REMOVAL - 15
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## IV. CONCLUSION

WHEREFORE, Defendant Walgreen Co. respectfully requests that this case be removed from the Spokane County Superior Court of the State of Washington to this Court. Defendant reserves, and does not waive, any objections they may have to jurisdiction, venue, and any and all other defenses or objections to this action.

Respectfully submitted this 14th day of November, 2023.

>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
>By: */s/ Kathryn P. Fletcher*
>By: */s/ Adam T. Pankratz*
>  Kathryn P. Fletcher, WSBA # 22108
>  Adam T. Pankratz, WSBA #50951
>  1201 Third Avenue, Suite 5150
>  Seattle, WA 98101
>  Telephone: (206) 693-7057
>  Facsimile: (206) 693-7058
>  Email: kathy.fletcher@ogletree.com
>     adam.pankratz@ogletree.com
>
>*Attorneys for Defendant Walgreen Co.*

NOTICE OF REMOVAL - 16
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November 2023, I served the foregoing NOTICE OF REMOVAL via the method(s) below on the following parties:

>Matthew Z. Crotty, WSBA #39284
>Kacy O. Tellessen, WSBA #61189
>RIVERSIDE LAW GROUP, PLLC
>905 West Riverside Avenue, Suite 208
>Spokane, WA  99201
>Telephone:  (509) 850-7011
>Email:    mzc@riverside-law.com
>              kot@riverside-law.com
>
>*Attorneys for Plaintiffs Chris Graybill*
>*and Nash Family*

☒    by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐    by **mailing** a true and correct copy to the last known address of each person listed above.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐    by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 14th day of November, 2023 at Seattle, Washington.

>OGLETREE, DEAKINS, NASH,
>SMOAK & STEWART, P.C.
>
>By: */s/ Kristen Kulgren*
>    Kristen Kulgren, Practice Assistant
>    kristen.kulgren@ogletree.com

NOTICE OF REMOVAL - 17
Case No.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058